IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-00950-RM-NYW

RENASANT BANK,

    Plaintiff,

v.

NORTHPOINTE BANK,
TODD CRANE, and
ROBERT SYLVIA,

    Defendants.

---

## ORDER
---

This matter is before the Court on Defendants Crane and Sylvia's motion for attorney fees. (ECF No. 77.) The motion has been briefed and is ripe for review. (ECF Nos. 83, 85.) The Court grants the motion for the reasons below.

On July 1, 2019, this Court granted summary judgment in favor of the individual Defendants based on the unambiguous terms of their release agreements. (ECF No. 74.) The Court further determined that the individual Defendants are entitled to attorney fees under those same agreements. The individual Defendants request attorney fees totaling $55,050.00 and costs totaling $5,925.90. Plaintiff contends that the amount of fees requested is excessive, but it does not challenge the amount of costs.

"[W]here contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the

court's responsibility is to enforce that bargain." *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1119 (10th Cir. 2009) (quotation omitted). Thus, this Court's role at this stage of the case is to determine if the claimed fees are inequitable or unreasonable. *See id.*

Plaintiff first argues that the number of hours expended on the answer, counterclaim, and initial disclosures is excessive and that four attorneys were not needed to effectively litigate the case.[1] But Plaintiff is not entitled to choose Defendants' litigation strategy for them or to declare—with the benefit of hindsight and the opposing view of the case—that another approach would have been more reasonable. Plaintiff's contention that filing a counterclaim "was wholly unnecessary" is particularly inapt in light of the fact the complaint omitted any mention of the release agreements based on which the individual Defendants were able to extricate themselves from this lawsuit. Moreover, it was Plaintiff's litigation tactic of bringing cases in both Georgia and Colorado that compelled the individual Defendants to utilize counsel in Atlanta and Denver. Under the circumstances, it is hardly surprising that five attorneys worked on this case.

Plaintiff also argues that Defendants spent too much time preparing for and attending discovery conferences and that they did not explain these fees with enough detail. But, again, it is not for Plaintiff to say that the time preparing for the conferences was not well spent or to declare what "a more reasonable award" would be. Plaintiffs sought over $1.5 million in damages, which suggests that thorough preparation was warranted. Moreover, Plaintiff's argument about the level of detail appears to be based on the summaries of services counsel

---

[1] Plaintiff does not challenge the rates charged by counsel for the individual Defendants, nor does it challenge the $1,325 in fees billed by a junior associate.

submitted in their motion. Those summaries are supported by more detailed billing statements that provide a more granular picture of the work performed.

Finally, Plaintiff argues that counsel for the individual Defendants used "block billing" that is insufficient, vague, and unnecessarily cumulative to support their request for fees. But "block billing" presents a problem only when some of the tasks in a billing entry are compensable and others are not. *See San Luis Ecosys. Counsel v. U.S. Forest Serv.*, No. 04-cv-01071-MSK, 2009 WL 792257, at *7 (D. Colo. Mar. 23, 2009). Although Plaintiff objects in a general sense to a list of billing entries it contends are excessive, it identifies only one entry as including unbillable tasks. The Court discerns no inequity or unreasonableness with respect to this entry and further finds that the billing statements as a whole account for the work performed with sufficient detail.

Accordingly, the Court grants the motion for attorney fees (ECF No. 77) in its entirety.

DATED this 8th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge